IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARJASPAL SINGH,

        Plaintiff,

v.                                                                                        No.  CV-16-579  WJ/WPL

U.S. BANK, NATIONAL ASSOCIATION
and BANK OF AMERICA, NATIONAL
ASSOCIATION,[1]

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO FILE UNTIMELY RESPONSE,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon the following motions:

- Defendant' Motion to Dismiss for Failure to State a Claim, filed July 29, 2016 (**Doc. 10**);

- Plaintiff's Motion for Leave to File Response to Motion to Dismiss, filed October 6, 2016 (**Doc. 21**); and

- Plaintiff's Motion for Summary Judgment, filed October 6, 2016 (**Doc. 22**).

This lawsuit is an attempt by Plaintiff, who is proceeding pro se, to save his house from foreclosure by Defendant.  In his Complaint, Plaintiff raises a claim for rescission under the Truth in Lending Act ("TILA") pursuant to 15 U.S.C. §1635.  He requests that the Court declare his Note and Mortgage to  be terminated and released, declared void and invalid, and for the Court to award damages in his favor because of Defendants' alleged failure to comply with TILA's statutory rescission requirements.  Defendant is currently pursuing a Complaint of

---

[1] Because Defendants consist of U.S. Bank National Association and its successor, they will be referred to in a collective singular in this opinion.

Foreclosure against Plaintiff in the Second Judicial District Court of the State of New Mexico, cause number D-202-CV-2015-06242 ("state court action").

**I.     Plaintiff's Motion for Leave to File Response (Doc. 21)**

Defendant filed a Notice of Briefing Complete for its motion to dismiss on August 17, 2016 (Doc. 17), a week after Plaintiff's response to the motion to dismiss was due. Almost two months later, Plaintiff filed a motion seeking leave to respond to the motion to dismiss (Doc. 21), attaching the response to the pleading, claiming that he was never served with Defendant's motion to dismiss.

Rule 6(b) provides that a court may, for good cause, extend the time to oppose a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b). "[A] finding of excusable neglect under Rule 6(b) [(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period*." In re Four Seasons Sec. Laws Litig*., 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

Defendant contends that Plaintiff has not demonstrated excusable neglect and urges the Court not to consider the untimely response. Plaintiff's sole reason for not timely responding to the motion to dismiss is that he did not receive service of the motion. However, Plaintiff offers no facts to explain why this happened in the form of an affidavit or otherwise. According to the Court docket, a copy of Defendant's motion to dismiss was sent to Plaintiff via U.S. Mail to the physical address he provided to the Clerk and Defendant, although it appears that as the address

provided is now no longer valid, based on recent mail from the Clerk's Office being returned as "Undeliverable." *See* Doc. 23.[2]

The Court agrees that Plaintiff gives no reasonable explanation for his failure to timely file a response that would constitute excusable neglect. As Defendant points out, Plaintiff has declined to participate in the lawsuit which he has filed until very recently. He failed to appear at a status conference held on August 22, 2016, never providing a reason for his non-appearance. *See* Doc. 19, Clerk's Minutes. Defendant states that it was forced to file its notice of completion because Plaintiff never responded to Defendant's multiple attempts to communicate with him. The Court acknowledges that Defendant has been waiting over two months for a decision on its motion to dismiss and in the interim, Plaintiff decided to file a very late response as well as an additional motion. While this delay could be viewed as prejudicial to Defendant, the Court is not persuaded that Plaintiff's response should not be ignored. In the end, consideration of the response does not prejudice Defendant because it adds nothing favorable to Plaintiff's cause. For this reason, Plaintiff's motion for leave to file a response is GRANTED, and in the interest of judicial economy, the Court will consider the response that is attached to Plaintiff's motion and treat it as though it was filed like any other pleading.

## II.     Defendant's Motion to Dismiss (Doc. 10)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint to determine whether the plaintiff has asserted a claim upon which relief can be granted. *See Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009). For each claim alleged, a complaint must contain enough allegations of fact "to state a claim to relief

---

[2] Under this Court's local rules, parties appearing pro se and attorneys of record have a continuing duty to notify the Clerk in writing of any change of mailing address or other pertinent filing information. D.N.M. LR-Civ. 83.6. As Defendant notes, the Clerk's Office makes available a *pro se* guide both on its website and through the Clerk's office which contains this information.

that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[T]he mere metaphysical possibility that some plaintiff could provide some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Id. (citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Defendant offers four grounds for dismissal of Plaintiff's Complaint: (1) the claim is untimely as such actions are barred by a three-year limitation pursuant to 15 U.S.C. § 1635(f); (2) TILA's rescission provisions do not apply to residential mortgages; (3) Plaintiff has failed to plead all necessary elements of a claim for rescission as a matter of law; and finally, (4) Plaintiff's Complaint was a compulsory counterclaim that Plaintiff was required to file in the pending state court action, not here. Each of these grounds is sufficient to warrant dismissal of Plaintiff's case.

    A.    <u>Plaintiff's Claims are Time-Barred</u>

Plaintiff seeks a declaratory judgment with respect to the alleged rescission of his loan under TILA. Section 1635(f) of TILA provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). However, Plaintiff did not seek to rescind the Loan during this time frame. As stated in the Complaint, the Loan originated in 2004, and Plaintiff claims to have sent a notice of rescission to Defendant on May 11, 2016—nearly twelve (12) years later. Doc. 1 at ¶¶ 6-7. Taking Plaintiff's asserted facts as true, his attempted rescission is still untimely under §1635(f) by over 9 years.

*See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411-12, (1998) (holding that § 1635(f) completely extinguishes the right of rescission at the end of the 3-year period); *Rosenfield v. HSBC Bank*, 681 F.3d 1172, 1180-83 (10th Cir. 2012). Plaintiff contends that consummation had not yet occurred to trigger the three-year period, *see* Doc. 21, ¶11, but does not allege anywhere in the Complaint or in his response that he never signed the mortgage note nor does he provide any reason to suggest that he never became contractually obligated under the mortgage loan. *See, e.g., O'Brien v. Aames Funding Corp.,* 374 F.Supp.2d 764 (D.Minn. 2005) (loan was "consummated" on day loan documents were executed); *Rowland v. Magna Millikin Bank of Decatur, N.A.,* 812 F.Supp. 875 (C.D.Ill 1992) (loan contract was consummated on date customers signed contract and received rescission notice); *Murphy v. Empire of America FSA,* 583 F.Supp. 1563 (W.D.N.Y. 1984) (consumers became contractually bound to credit offer when they executed commitment letter). Therefore, Plaintiff's rescission is time-barred under TILA.

      B.    <u>TILA's Rescission Provisions Do Not Apply</u>

Plaintiff's own assertions are that his claims are based upon a residential mortgage transaction entered in 2004. Doc. 1, ¶6. The Truth in Lending Act specifically exempts residential mortgage transactions from its rescission provisions. *See* §1635(e)(1) (excluding application of right of rescission to "residential mortgage transactions"); *see also* 12 C.F.R. § 226.23(f)(1); *see, e.g., Betancourt v. Countrywide Home Loans, Inc*., 344 F. Supp.2d 1253, 1261 (D. Colo. 2004) (holding no statutory right of rescission when the loan at issue involves the creation of a first lien to finance acquisition of a dwelling in which customer resides); *Ramos v. Countrywide Bank, FSB*, No. 2:09-cv-449, 2009 WL 3584327, at 3* (D. Utah Oct. 26, 2009). Plaintiff's claim for rescission fails on this ground as well.

      C.    <u>Plaintiff Has Failed to Plead Tender</u>

Exercising a right of rescission under TILA requires that a person "tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value." 12 C.F.R. § 226.23(d)(3). However, Plaintiff's Complaint does not include any allegations regarding tender of the Loan proceeds to Defendant. Rather, Plaintiff seeks a return of all the payments he has made to date towards the Loan unaccompanied by any allegations that he is willing and able to tender return of the Loan proceeds he took. Doc. 1, ¶23. *See Gates v. Wachovia Mortg., FSB.*, No. 2:09-cv-02464-FCD/EFB, 2010 WL 902818, fn. 3 (E.D. Ca. Feb. 19, 2010) (where plaintiff's failure to plead the ability to tender payment was "sufficient grounds for dismissal of her rescission claim"); *Ibarra v. Plaza Home Mortgage, No. 08-CV-01707-H*, 2009 WL 2901637, *7 (S.D.Cal. Sept. 4, 2009) (holding that the plaintiff failed to state a claim for TILA rescission where the plaintiff had "not alleged the unconditional offer of payment and the present ability to perform"). Plaintiff's failure to plead required elements of his TILA claim constitutes another reason why the Complaint should be dismissed under Rule 12(b)(6).

D.   Complaint as Compulsory Counterclaim

Finally, Defendant argues that because the entirety of Plaintiff's Complaint is based on the alleged fact of a rescission of Plaintiff's Loan, it should have been brought as a compulsory counterclaim in the underlying state court action. New Mexico Rule of Civil Procedure 1-013(A) provides that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

NM Rule Civ. P. 1-013(A).  The failure of a party in New Mexico to bring a compulsory counterclaim in a prior suit is fatal to bringing that claim in a subsequent suit.  *See Slide-A-Ride of Las Cruces, Inc., v. Citizens Bank of Las Cruces*, 1987-NMSC 018, ¶ 14 (holding that prior compulsory counterclaims not asserted and litigated in a prior action are deemed abandoned, and cannot be asserted in a later action).

The Court agrees that the allegations in the Complaint are necessarily and directly related to the state court action.  However, because TILA is a federal statute and thereby confers federal jurisdiction over this action, it is not clear whether or how the federal lawsuit would be affected by Plaintiff's failure to file a compulsory counterclaim in a state court lawsuit—assuming, of course, that Defendant's other grounds for dismissal did not apply.  In this case, other grounds do apply, and because Plaintiff's response sheds no light on the matter, the Court need not determine whether Plaintiff's failure to plead a compulsory counterclaim in the state court action precludes the relief he seeks in this case.  It is certainly worth noting that Plaintiff's filing of this lawsuit on matters that are currently pending in state court leads to piecemeal litigation which is discouraged even in the Federal Rules of Civil Procedure under Rule 13 addressing counterclaims and crossclaims.

Plaintiff's response offers absolutely nothing worth considering.  Plaintiff relies heavily on language from *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S.Ct. 790 (2015), in which mortgagors brought an action against lenders seeking rescission of their home loan due to alleged TILA violations.  In that case, the United States Supreme Court held that a borrower exercising his right to rescind under TILA need only provide written notice to his lender with the three-year period, and not file suit within that period.  The facts in *Jesinoski* do not fit here, where Plaintiff does not claim to have provided *any* kind of rescission notice to Defendant within the allowable

time period. Plaintiff also claims that Defendant mischaracterizes his Complaint as seeking rescission, Doc. 21, ¶6, but there really is no other way to read it, given the frequent references to "rescission" throughout the Complaint. *See, e.g.,* Compl., ¶¶11 & 12 (alleging that he noticed Defendant "of rescission" on May 11, 2016; Compl., ¶16 (referring to himself and Defendant as "rescindee and rescindor"; Compl., ¶14 (reference to his "right to rescind" as made "within the 3-year period following consummation, by averring consummation had not yet occurred").

### III.    Plaintiff's Motion for Summary Judgment (Doc. 22)

In light of the Court's findings which dispose of Plaintiff's lawsuit on its merits, Plaintiff's Motion for Summary Judgment (Doc. 22) is DENIED.

### CONCLUSION

In sum, the Court finds and concludes that Plaintiff has not demonstrated a basis to seek relief under TILA. Plaintiff's loan was a residential mortgage transaction, so Plaintiff never had the right to rescind, and even if TILA did apply to residential mortgages, Plaintiff did not make a timely claim for rescission under TILA within the three-year limitation period set forth in 15 U.S.C. §1635(f). Further, Plaintiff has failed to demonstrate his ability to tender the Loan proceeds, which is an element of a claim brought under TILA.[3]

**THEREFORE,**

**IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to File Response to Motion to Dismiss **(Doc. 21)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order;

---

[3] Because Plaintiff is proceeding pro se, the Court applies the same legal standards applicable to pleadings drafted by counsel, but affords the Complaint a liberal construction. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). To that end, even if the Court were to discount Plaintiff's failure to properly plead a TILA claim, Defendant has still provided two other grounds for dismissal.

(2) Defendant' Motion to Dismiss for Failure to State a Claim **(Doc. 10)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order; and

(3) Plaintiff's Motion for Summary Judgment **(Doc. 22)** is hereby DENIED AS MOOT in light of the Court's disposition of Plaintiff's claims.

A Rule 58 Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE